UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
PAULO CESAR BARZOLA-ARIAS, :
:
                     Petitioner, :
         -against- : 26-CV-327
:
KENNETH GENALO, *in his official capacity as* : **TEMPORARY**
*New York Field Office Director for U.S.* : **RESTRAINING**
*Immigration and Customs Enforcement*; TODD : **ORDER**
LYONS, *in his official capacity as Acting Director,* :
*United States Immigration and Customs* :
*Enforcement*; KRISTI NOEM, *in her official* :
*capacity as Secretary, U.S. Department of* :
*Homeland Security*; PAMELA BONDI, *in her* :
*official capacity as United States Attorney* :
*General*; DEPARTMENT OF HOMELAND :
SECURITY, :
:
                     Respondents. :
:
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

    WHEREAS, Petitioner is presently detained by Respondents at the Metropolitan Detention Center, and has been detained by Respondents there since being taken into custody by Respondents on or about December 15 or 16, 2025;

    WHEREAS, Petitioner avers that he is a noncitizen who has resided in the United States since 2004 in the State of New York;

    WHEREAS, Petitioner has alleged a violation of his right to be free from unlawful detention under the United States Constitution, which is sufficient to

1

demonstrate irreparable harm. *See Veletanga v. Noem*, No. 25 CV 9211 (NSR), 2025 WL 3751865, at *4 (S.D.N.Y. Dec. 26, 2025);

WHEREAS, Petitioner avers that Respondents failed to provide him with a pre-detention bond hearing pursuant to Respondents' policy dated July 8, 2025 and entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission";

WHEREAS, through counsel, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1 (Jan. 20, 2026), alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner has moved for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 1 at 8, ¶ 37, seeking an order directing Petitioner's immediate release from detention and restraining Respondents from re-detaining Petitioner for the pendency of the Court's adjudication of the underlying Petition;

WHEREAS, the Court finds that Petitioner has established a likelihood of success on the merits that Petitioner's detention without a bond hearing violates his Fifth Amendment right to procedural due process because Petitioner has lived in the United States for twenty one years and is therefore entitled to an individualized, pre-

detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a), *see, e.g.*, *Hyppolite v. Noem*, 25 CV 4303 (NRM), 2025 WL 2829511, at *12–16 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner is likely to succeed on the merits of his claim that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225;

WHEREAS, Respondents have averred that they are presently detaining Petitioner under the authority of 8 U.S.C. § 1225(b)(2)(A). ECF No. 4 at 1. While Respondents take the position that such detention is lawful, they acknowledge that, in its decision in *Hyppolite*, 2025 WL 2829511, this Court previously considered and rejected Respondents' claims as to the application of 8 U.S.C. § 1225(b)(2)(A) to

3

persons similarly situated to Mr. Barzola-Arias, ECF No. 4 at 3–4, potentially obviating the need for further briefing as to that dispositive legal issue in this case;

WHEREAS, the Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 2025 WL 2829511, at *6–16, and adheres to the reasoning of that decision and the near-unanimous conclusion reached by hundreds of other district courts nationwide who have considered the issue to date. *Cf.* Resp., ECF No. 4 at 2 n.2 (citing the decisions of three district courts within the Second Circuit adopting Respondents' analysis);

WHEREAS, the Court also finds that Petitioner has established that there is a high risk of erroneous deprivation of his liberty interest under the Fifth Amendment if temporary injunctive relief is not granted. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to determine "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the

4

official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in favor of Petitioner's immediate release from detention, and that he will be irreparably harmed if a Temporary Restraining Order is not granted.

It is hereby:

**ORDERED**, that Petitioner's Motion for a Temporary Restraining Order under Fed. R. Civ. Proc. 65 is **GRANTED**;

**ORDERED**, that the Temporary Restraining Order shall remain in effect until 5:00 PM on February 6, 2026, unless it is extended by further Order of this Court for good cause shown or otherwise. *See* Fed. R. Civ. P. 65(b)(2);

**ORDERED**, that Respondents must release Petitioner from custody **no later than 11:59 AM on Saturday, January 24, 2026.** Respondents, through counsel, **shall file a letter on the docket no later than 3:00 PM on that same date (Saturday, January 24, 2026),** confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to

morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and a pre-deprivation bond hearing, while the terms of this Order otherwise remain in effect;

**ORDERED**, Petitioner's January 26, 2026 deadline to file a reply and the hearing scheduled for January 27, 2026 are hereby adjourned. Petitioner may, but is not required to, file a reply to Respondents' opposition and any supporting declaration or exhibits relevant to the merits of the petition and any relief sought on or before 3:00 PM on February 5, 2026. Further, Petitioner may submit a letter on or before 3:00 PM on February 5, 2026 requesting this Temporary Restraining Order be extended for good cause.

**SO ORDERED.**

Dated: January 23, 2026  /s/ *Nina R. Morrison*
      Brooklyn, New York  Nina R. Morrison
                                           United States District Judge